1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| PETER YOACHIM and MICHELLE MADEEN, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>PIZZA HUT, INC., a Texas corporation,<br><br>     Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Negligence;<br>2. Injunctive Relief; and<br>3. Violation of the Washington Consumer Protection Act, RCW § 19.86, *et seq.*<br><br>**JURY TRIAL DEMANDED** |

17
18

## I. INTRODUCTION

19
20
21
22
23
24

   Plaintiffs Peter Yoachim and Michelle Madeen, (hereinafter, "Plaintiffs"), individually and on behalf of the Classes defined below, allege the following against Pizza Hut, Inc., a Texas corporation, ("Pizza Hut") based upon personal knowledge and on information and belief derived in part from investigation of counsel and review of public documents as to all other matters as follows:

25
26
27

CLASS ACTION COMPLAINT - 1

## II.  NATURE OF THE CASE

1.     Plaintiffs bring this class action case against Pizza Hut for its failure to secure and safeguard consumers' personally identifiable information ("PII") that Pizza Hut collected through consumers using its online ordering system.

2.     Pizza Hut has acknowledged that a cybersecurity incident (the "Data Breach") occurred, resulting in the theft of its customers' PII, mainly consisting of payment card numbers and other information sufficient for wrongdoers to make fraudulent charges to Pizza Hut customers' accounts.

3.     The PII for Plaintiffs and the class of consumers they seek to represent was compromised due to Pizza Hut's acts and omissions and their failure to protect the PII properly.

4.     Pizza Hut could have prevented this Data Breach. Data breaches at other chain restaurants, such as Wendy's, Jimmy Johns, Arby's, and Sonic, have occurred, putting Pizza Hut on notice of the need to protect its customers' PII.

5.     Pizza Hut disregarded the rights of Plaintiffs and Class members by intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure its data systems were protected, failing to disclose to its customers the material fact that it did not have adequate computer systems and security practices to safeguard PII, failing to take available steps to prevent and stop the breach from ever happening, and failing to monitor and detect the breach on a timely basis.

6.     As a result of the Data Breach, the PII of the Plaintiffs and Class members has been exposed to criminals for misuse. The injuries suffered, and likely to be suffered, by Plaintiffs and Class members as a direct result of the Data Breach include:

a.     unauthorized use and exposure of their PII;

CLASS ACTION COMPLAINT - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

b.    theft of their personal and financial information;

c.    costs and time associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

d.    damages arising from the inability to use their PII;

e.    loss of use of and access to their account funds and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including decreased credit scores and adverse credit notations;

f.    costs associated with time spent and the loss of productivity or the enjoyment of life from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the Data Breach, including finding fraudulent charges, purchasing credit monitoring and identity theft protection services, and the stress, nuisance and annoyance of dealing with all issues resulting from the Data Breach;

g.    the imminent and certainly impending injury flowing from potential fraud and identify theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class members' information on the Internet black market;

h.    damages to and diminution in value of their PII entrusted to Pizza Hut for the sole purpose of purchasing products and services from Pizza Hut; and

i.    the loss of Plaintiffs' and Class members' privacy.

CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

7.    The injuries to the Plaintiffs and Class members were caused directly and proximately by Pizza Hut's failure to implement or maintain adequate data security measures for PII.

8.    Further, Plaintiffs retain a significant interest in ensuring that their PII, which, while stolen, remains in the possession of Pizza Hut, is protected from further breaches, and seek to remedy the harms they, and similarly situated consumers whose PII was stolen as a result of the Data Breach, have suffered.

9.    Plaintiffs bring this action to remedy these harms on behalf of themselves and all similarly situated individuals whose PII was accessed during the Data Breach. Plaintiffs seek the following remedies, among others: statutory damages under state and/or federal laws, reimbursement of out-of-pocket losses, other compensatory damages, further and more robust credit monitoring services with accompanying identity theft insurance, and injunctive relief including an order requiring Pizza Hut to implement improved data security measures.

### III.  JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. There are more than 100 putative class members. And, at least some members of the proposed Class have a different citizenship from Pizza Hut.

11.    This Court has personal jurisdiction over Pizza Hut because it operates a website that solicits business from consumers across the country, including consumers in the State of Washington, and because Pizza Hut operates numerous restaurants in Washington, including at least 20 restaurants in the Seattle area alone. Pizza Hut conducted business with Plaintiffs in Washington.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to one of Plaintiffs' claims occurred in this District.

### IV. PARTIES

13.     Plaintiff Michelle Madeen is a resident of Spokane Valley, Washington. Plaintiff orders from Pizza Hut regularly, and did so in the time frame associated with the Data Breach, paying via credit card. She is a victim of the Data Breach. Unauthorized charges were made to Plaintiffs' credit card on the Six Flags website on October 7, 2017, that required Plaintiff expend numerous hours to reverse. Plaintiff's husband's recent diagnosis with leukemia has led Plaintiff to pay for everything via this credit card, and the Data Breach caused her to be unable to use this card for 7-10 days as a result of the Data Breach. This caused Plaintiff stress and anxiety. Additionally, Plaintiff has spent, and will continue to spend, time monitoring her financial accounts for additional fraudulent activity.

14.     Plaintiff Peter Yoachim is a resident of Seattle, Washington. Plaintiff ordered from the Pizza Hut website in the time frame associated with the Data Breach using a credit card. He is a victim of the Data Breach. On October 6, 2017 numerous unauthorized charges to Plaintiff's credit card were made in the Seattle area, totaling around $700. The charges took multiple hours to reverse. The Data Breach caused Plaintiff to be unable to use this card for several days and caused payments, which were automatically linked to it, to be rejected. Additionally, Plaintiff has spent and will continue to spend time monitoring his financial accounts for additional fraudulent activity.

15.     Defendant Pizza Hut, Inc. is a Texas Corp. with its headquarters and principal place of business located at 7100 Corporate Dr., Plano, TX 75024. Pizza Hut may be served

CLASS ACTION COMPLAINT - 5

through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

## V.  STATEMENT OF FACTS

16.     Pizza hut is an international chain of restaurants. It operates over 16,000 restaurants in more than 100 countries. In addition, Pizza Hut conducts business online, where consumers can pay via credit card or debit card.

17.     On October 14, 2017, Pizza Hut announced that its website had been breached and the credit and debit card accounts of customers who ordered from their website in a 28 hour period between October1 and October 2—somewhere around 60,000 consumers—had been stolen. This data is being sold on the black market. Criminals use the data to make fraudulent charges to Pizza Hut customers' accounts. *See* http://www.miamiherald.com/news/nation-world/national/article178930896.html.

18.     There have been high profile data breaches of other restaurant chains, putting Pizza Hut on notice of the need to be vigilant against and take steps to prevent data breaches. *See* https://www.qsrmagazine.com/restaurant-software/7-ways-protect-against-data-breach.

19.     Additionally, Plaintiffs have suffered imminent and impending injury arising from the substantially increased risk of future fraud, identity theft and misuse posed by their PII being placed in the hands of criminals who have already, or will imminently, misuse such information.

20.     Plaintiffs have a continuing interest in ensuring that their private information, which remains in the possession of Pizza Hut, is protected and safeguarded from future breaches.

21.     At all relevant times, Pizza Hut was well-aware, or reasonably should have been aware, that the PII collected, maintained and stored on its website is highly sensitive, susceptible

CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

to attack, and could be used for wrongful purposes by third parties, such as identity theft and fraud.

22.    It is well known and the subject of many media reports that PII is highly coveted and a frequent target of hackers. Despite the frequent public announcements of data breaches of other restaurants – Wendy's, Chipotle, Sonic, etc. – Pizza Hut continued to use an insufficient and inadequate system to protect the PII of Plaintiff and Class members.

23.    PII is a valuable commodity because it contains not only payment card numbers but PII as well. A "cyber black market" exists in which criminals openly post stolen payment card numbers and other personal information on a number of underground Internet websites. PII is "as good as gold" to identity thieves because they can use victims' personal data to incur charges on existing accounts, or clone ATM, debit, or credit cards.

24.    Legitimate organizations and the criminal underground alike recognize the value in PII contained in a merchant's data systems; otherwise, they would not aggressively seek or pay for it. For example, in "one of 2013's largest breaches . . . not only did hackers compromise the [card holder data] of three million customers, they also took registration data [containing PII] from 38 million users."[1]

25.    At all relevant times, Pizza Hut knew, or reasonably should have known, of the importance of safeguarding PII and of the foreseeable consequences that would occur if its data security system was breached, including, specifically, the significant costs that would be imposed on individuals as a result of a breach.

---

[1] Verizon 2014 PCI Compliance Report, available at: http://www.cisco.com/c/dam/en_us/solutions/industries/docs/retail/verizon_pci2014.pdf (hereafter "2014 Verizon Report"), at 54 (last visited Sept. 8, 2017).

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

26.    Pizza Hut was, or should have been, fully aware of the significant number of people whose PII it collected, and thus, the significant number of individuals who would be harmed by a breach of its payment system.

27.    Unfortunately, and as alleged below, despite all of this publicly available knowledge of the continued compromises of PII in the hands of other third parties, Pizza Hut's approach to maintaining the privacy and security of the PII of Plaintiffs and Class members was lackadaisical, cavalier, reckless, or at the very least, negligent.

28.    The ramifications of Pizza Hut's failure to keep Plaintiffs' and Class members' data secure are severe.

29.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority."[2]  The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person."[3]

30.    Personal identifying information is a valuable commodity to identity thieves once the information has been compromised.  As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."[4]

31.    Javelin Strategy and Research reports that identity thieves have stolen $112 billion in the past six years.[5]

---

[2] 17 C.F.R § 248.201 (2013).
[3] *Id.*
[4] Federal Trade Commission, *Warning Signs of Identity Theft*, available at: https://www.consumer.ftc.gov/articles/0271-warning-signs-identity-theft (last visited April 10, 2017).
[5] *See* https://www.javelinstrategy.com/coverage-area/2016-identity-fraud-fraud- hits-inflection-point (last visited April 10, 2017).

CLASS ACTION COMPLAINT - 8

32.     Reimbursing a consumer for a financial loss due to fraud does not make that individual whole again. On the contrary, identity theft victims must spend numerous hours and their own money repairing the impact to their credit.  After conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that identity theft victims "reported spending an average of about 7 hours clearing up the issues" and resolving the consequences of fraud in 2014.[6]

33.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PII or PCD is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[7]

34.     Plaintiffs and Class members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

35.     The PII of Plaintiffs and Class members is private and sensitive in nature and was left inadequately protected by Pizza Hut.

36.     The Data Breach was a direct and proximate result of Pizza Hut's failure to safeguard and protect Plaintiffs' and Class members' PII properly from unauthorized access, use,

---

[6] Victims of Identity Theft, 2014 (Sept. 2015) available at: http://www.bjs.gov/content/pub/pdf/vit14.pdf (last visited April 10, 2017).
[7] GAO, Report to Congressional Requesters, at 29 (June 2007), available at http://www.gao.gov/new.items/d07737.pdf (last visited April 10, 2017).

CLASS ACTION COMPLAINT - 9

and disclosure, as required by various state and federal regulations, industry practices, and the common law, including Pizza Hut's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and Class members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

37.    Pizza Hut had the resources to prevent a breach, but neglected to invest in data security timely and adequately, despite the growing number of well-publicized data breaches.

38.    On information and belief, had Pizza Hut remedied the deficiencies in its data security systems, followed security guidelines, and adopted security measures recommended by experts in the field, Pizza Hut would have prevented the Data Breach and, ultimately, the theft of its customers' PII.

39.    As a direct and proximate result of Pizza Hut's wrongful actions and inaction and the resulting Data Breach, Plaintiff and Class members have been placed at an imminent, immediate, and continuing increased risk of fraud, requiring them to take time they would have otherwise dedicated to other life demands, such as work, in an  effort to mitigate the actual and potential impact of the Data Breach on their lives, including, inter alia, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports. This time has been lost forever and cannot be recaptured.   In all manners of life in this country, time has constantly been recognized as compensable. For many consumers it is the way they are compensated, and even if they are retired from the work force, consumers should be free of having to deal with the consequences of a Data Breach, as is the case here.

CLASS ACTION COMPLAINT - 10

40.     Pizza Hut's wrongful actions and inactions directly and proximately caused the theft and dissemination into the public domain of Plaintiffs' and Class members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.     theft of their personal and financial information;

b.     unauthorized charges on their debit and credit card accounts;

c.     the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class members' information on the black market;

d.     the improper disclosure of their PII;

e.     ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

f.     ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach;

g.     loss of use of and access to their account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including adverse credit notations; and,

h.     the loss of productivity and value of their time spent in the attempt to ameliorate, mitigate and deal with the actual and future consequences of the

CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Data Breach, including finding fraudulent charges, cancelling and reissuing

cards, purchasing credit monitoring and identity theft protection services,

suffering the imposition of withdrawal and purchase limits on compromised

accounts, and the enduring the stress, nuisance and annoyance of dealing with

all such issues resulting from the Data Breach.

41.     While the PII of Plaintiffs and members of the Class has been stolen, Pizza Hut continues to hold PII of consumers, including Plaintiffs and Class members. Particularly because Pizza Hut has demonstrated an inability to prevent a breach or stop it from continuing even after being detected, Plaintiffs and members of the Class have an undeniable interest in insuring that their PII is secure, remains secure, is properly and promptly destroyed and is not subject to further theft.

## VI.  CLASS ALLEGATIONS

42.     Plaintiffs seek relief on behalf of themselves and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiffs seek certification of a Nationwide class defined as follows:

> All persons residing in the United States whose personally identifiable information was exposed to unauthorized persons in the Data Breach announced by Pizza Hut in October 2017 (the "Nationwide Class").

43.     Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiffs assert claims a for a statewide class, defined as follows:

> All persons residing in Washington whose personally identifiable information was exposed to unauthorized persons in the Data Breach announced by Pizza Hut in October 2017 (the "Washington Class").

CLASS ACTION COMPLAINT - 12

44.     Excluded from each of the above Classes are any of Pizza Hut's officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judge to whom this case is assigned and his or her  immediate staff and family.

45.     Plaintiffs hereby reserve the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

46.     Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

47.     **Numerosity. Fed. R. Civ. P. 23(a)(1).**  Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, the proposed Class include several thousand individuals, located across the United States, whose PII was compromised in the Data Breach. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

48.     **Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3).**  Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

a.      Whether Pizza Hut had a duty to protect PII;

b.      Whether Pizza Hut knew or should have known of the susceptibility of their data security systems to a data breach;

c.      Whether Pizza Hut's security measures to protect their systems were reasonable

CLASS ACTION COMPLAINT - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

in light of the measures recommended by data security experts;

d.    Whether Pizza Hut was negligent in failing to implement reasonable and adequate security procedures and practices;

e.    Whether Pizza Hut's failure to implement adequate data security measures allowed the Data Breach to occur;

f.    Whether Pizza Hut's conduct constituted unfair or deceptive trade practices under state law;

g.    Whether Pizza Hut's conduct, including their failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Plaintiffs and Class members;

h.    Whether Plaintiffs and Class members were injured and suffered damages or other losses because of Pizza Hut's failure to reasonably protect its website and data network; and

i.    Whether Plaintiffs and Class members are entitled to relief.

49.    **Typicality**. **Fed. R. Civ. P. 23(a)(3).** Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of those of other Class members. Plaintiffs had their PII compromised in the Data Breach. Plaintiffs' damages and injuries are akin to other Class members and Plaintiffs seek relief consistent with the relief of the Class.

50.    **Adequacy. Fed. R. Civ. P. 23(a)(4).** Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiffs are adequate representatives of the Class because Plaintiffs are members of the Class and are committed to pursuing this matter against Pizza Hut to obtain relief for the Class. Plaintiffs have no conflicts of interest with the Class. Plaintiffs' Counsel are competent and

CLASS ACTION COMPLAINT - 14

experienced in litigating class actions, including privacy litigation. Plaintiffs intend to prosecute this case vigorously and will fairly and adequately protect the Class' interests.

51.     **Superiority. Fed. R. Civ. P. 23(b)(3).** Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may be insufficient to justify individual litigation. Here, the damages suffered by Plaintiffs and the Class are relatively small compared to the burden and expense required to litigate their individual claims against Pizza Hut, and thus, individual litigation to redress Pizza Hut's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

52.     **Injunctive and Declaratory Relief.** Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

53.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a.   Whether Pizza Hut owed a legal duty to Plaintiffs and the Class to exercise due care in collecting, storing, and safeguarding their PII;

b.   Whether Pizza Hut's security measures were reasonable in light of data security recommendations, and other measures recommended by data security experts;

c.   Whether Pizza Hut failed to comply with industry standards amounting to negligence;

d.   Whether Pizza Hut failed to take commercially reasonable steps to safeguard the PII of Plaintiffs and the Class members; and

e.   Whether adherence to data security recommendations and measures recommended by data security experts would have reasonably prevented the Data Breach.

54.   Finally, all members of the proposed Classes are readily ascertainable. Pizza Hut has access to information regarding the Data Breach, the time period of the Data Breach, and which individuals were potentially affected.   Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

## VII.  COUNT I
## NEGLIGENCE

### (ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR, ALTERNATIVELY, PLAINTIFFS AND THE SEPARATE STATEWIDE CLASSES)

55.   Plaintiffs restate and re-allege Paragraphs 1 through 54 as if fully set forth herein.

56.   Upon accepting and storing the PII of Plaintiffs and Class Members in its computer systems and on its networks, Pizza Hut undertook and owed a duty to Plaintiffs and

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Class Members to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Pizza Hut knew that the PII was private and confidential and should be protected as private and confidential.

57.     Pizza Hut owed a duty of care not to subject Plaintiffs, along with their PII, and Class members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

58.     Pizza Hut owed numerous duties to Plaintiffs and to members of the Nationwide Class, including the following:

a.     to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting PII in its possession;

b.     to protect PII using reasonable and adequate security procedures and systems that are compliant with industry-standard practices; and

c.     to implement processes to quickly detect a data breach and to timely act on warnings about data breaches.

59.     Pizza Hut also breached its duty to Plaintiffs and the Class Members to protect and safeguard PII by knowingly disregarding standard information security principles despite obvious risks. Further, Pizza Hut failed to provide adequate supervision and oversight of the PII with which it was and is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse that permitted an unknown third party to gather PII of Plaintiffs and Class Members, misuse the PII, and disclose it without authority and intentionally to others.

60.     Pizza Hut knew, or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities of its data security systems, and the importance of adequate

CLASS ACTION COMPLAINT - 17

security. Pizza Hut knew about numerous, well-publicized data breaches, including the breaches at Wendy's, Chipotle, Sonic, etc.

61.     Pizza Hut knew, or should have known, that its data systems and networks did not adequately safeguard Plaintiffs' and Class Members' PII.

62.     Pizza Hut breached its duties to Plaintiffs and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiffs and Class Members.

63.     Because Pizza Hut knew that a breach of its systems would damage millions of individuals, including Plaintiffs and Class members, Pizza Hut had a duty to protect its data systems and the PII contained thereon adequately.

64.     Pizza Hut's own conduct also created a foreseeable risk of harm to Plaintiffs and Class members and their PII. Pizza Hut's misconduct included failing to: (1) secure its systems, despite knowing their vulnerabilities, (2) comply with industry standard security practices, (3) implement adequate system and event monitoring, and (4) implement the systems, policies, and procedures necessary to prevent this type of data breach.

65.     Pizza Hut also had independent duties under state and/or federal laws that required it to safeguard Plaintiffs' and Class members' Personal Information. For example, Pizza Hut violated Section 5 of the FTC Act which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Pizza Hut, of failing to use reasonable measures to protect PII. The FTC publications and orders described above also form part of the basis of Pizza Hut's duty in regard to the protection of its customers' PII.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

66.     Pizza Hut breached its duties to Plaintiffs and Class members in numerous ways, including:

a.     by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiffs and Class members;

b.     by creating a foreseeable risk of harm through the misconduct previously described;

c.     by failing to implement adequate security systems, protocols and practices sufficient to protect Plaintiffs' and Class members' PII both before and after learning of the Data Breach; and

d.     by failing to comply with the minimum industry data security standards during the period of the Data Breach.

67.     Through Pizza Hut's acts and omissions described in this Complaint, including Pizza Hut's failure to provide adequate security and its failure to protect PII of Plaintiffs and Class members from being foreseeably captured, accessed, disseminated, stolen and misused, Pizza Hut unlawfully breached its duty to use reasonable care to protect and secure PII adequately of Plaintiffs and Class members during the time PII was within Pizza Hut's possession or control.

68.     Upon information and belief, Pizza Hut improperly and inadequately safeguarded PII of Plaintiffs and Class Members in deviation of standard industry rules, regulations, and practices at the time of the unauthorized access. Pizza Hut's failure to take proper security measures to protect sensitive PII of Plaintiffs and Class members as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of PII of Plaintiffs and Class members.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

69.     On information and belief, Pizza Hut's conduct was negligent and departed from all reasonable standards of care, including, but not limited to: failing to protect the PII adequately; failing to conduct regular security audits; failing to provide adequate and appropriate supervision of persons having access to PII of Plaintiffs and Class members; and failing to provide Plaintiffs and Class members with timely and sufficient notice that their sensitive PII had been compromised.

70.     Neither Plaintiffs nor the other Class members contributed to the Data Breach and subsequent misuse of their PII as described in this Complaint.

71.     As a direct and proximate cause of Pizza Hut's conduct, Plaintiff and the Class suffered damages including, but not limited to: damages arising from the unauthorized charges on their debit or credit cards or on cards that were fraudulently obtained through the use of the PII of Plaintiffs and Class Members; damages arising from Plaintiffs' inability to use their debit or credit cards because those cards were cancelled, suspended, or otherwise rendered unusable as a result of the Data Breach and/or false or fraudulent charges stemming from the Data Breach, including but not limited to late fees charges and foregone cash back rewards; damages from lost time and effort to mitigate the actual and potential impact of the Data Breach on their lives including, inter alia, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports and damages from identity theft, which may take months if not years to discover and detect given the far-reaching, adverse and detrimental consequences of identity theft and loss of privacy. The nature of other forms of economic damage and injury may take years to detect, and the potential

CLASS ACTION COMPLAINT - 20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1  scope can only be assessed after a thorough investigation of the facts and events surrounding the

2  theft mentioned above.

3
4
## VIII.  COUNT II
## DECLARATORY JUDGMENT

5
6
## (ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR, ALTERNATIVELY, PLAINTIFFS AND THE SEPARATE STATEWIDE CLASSES)

7
8  72.     Plaintiffs restate and reallege Paragraphs 1 through 71 as if fully set forth herein.

9  73.     As previously alleged, Plaintiffs and Class members entered into an implied

10  contract that required Pizza Hut to provide adequate security for the PII it collected from their

11  payment card transactions. As previously alleged, Pizza Hut owes duties of care to Plaintiff and

12  Class members that require it to adequately secure PII.

13
14  74.     Pizza Hut still possesses PII pertaining to Plaintiffs and Class members.

15  75.     Pizza Hut has made no announcement or notification that it has remedied the

16  vulnerabilities in its computer data systems, and, most importantly, its systems.

17  76.     Accordingly, Pizza Hut has not satisfied its contractual obligations and legal

18  duties to Plaintiffs and Class members. In fact, now that Pizza Hut's lax approach towards data

19  security has become public, the PII in its possession is more vulnerable than previously.

20  77.     Actual harm has arisen in the wake of the Pizza Hut Data Breach regarding Pizza

21  Hut's contractual obligations and duties of care to provide data security measures to Plaintiffs

22  and Class members.

23
24  78.     Plaintiffs, therefore, seek a declaration that (a) Pizza Hut's existing data security

25  measures do not comply with its contractual obligations and duties of care, and (b) in order to

26
27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

comply with its contractual obligations and duties of care, Pizza Hut must implement and maintain reasonable security measures, including, but not limited to:

a.      engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Pizza Hut's systems on a periodic basis, and ordering Pizza Hut to promptly correct any problems or issues detected by such third-party security auditors;

b.      engaging third-party security auditors and internal personnel to run automated security monitoring;

c.      auditing, testing, and training its security personnel regarding any new or modified procedures;

d.      segmenting PII by, among other things, creating firewalls and access controls so that if one area of Pizza Hut is compromised, hackers cannot gain access to other portions of Pizza Hut systems;

e.      purging, deleting, and destroying in a reasonable secure manner PII not necessary for its provisions of services;

f.      conducting regular database scanning and securing checks;

g.      routinely and continually conducting internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h.      educating its customers about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Pizza Hut customers must take to protect themselves.

CLASS ACTION COMPLAINT - 22

# IX.  COUNT III

**VIOLATION OF WASHINGTON'S UNFAIR BUSINESS PRACTICES ACT, REV. CODE. WASH. (RCW) TITLE 19, CH. 19.86 (the "CPA").**

**(ON BEHALF OF PLAINTIFFS AND THE WASHINGTON CLASS)**

79.    Plaintiffs restate and reallege Paragraphs 1 through 78 as if fully set forth herein.

80.    Pizza Hut is engaged in trade or commerce in Washington.

81.    Plaintiffs and Class members entrusted Pizza Hut with their PII.

82.    As alleged herein this Complaint, Pizza Hut engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, including the following, in violation of the CPA:

a.    failure to maintain the security of credit and/or debit card account information;

b.    failure to maintain adequate computer systems and data security practices to safeguard credit and debit card information and other PII;

b.    failure to disclose that its computer systems and data security practices were inadequate to safeguard credit and debit card information and other PII from theft;

d.    continued acceptance of PII and storage of other personal information after Pizza Hut knew or should have known of the security vulnerabilities of the systems that were exploited in the Data Breach;

e    allowing unauthorized persons to have access to and make unauthorized charges to its customers' credit and/or debit card accounts.

83.    Pizza Hut knew or should have known that its computer systems and data security practices were inadequate to safeguard the PII of Plaintiffs and Class members, deter hackers, and detect a breach within a reasonable time, and that the risk of a data breach was highly likely.

CLASS ACTION COMPLAINT - 23

84.     As a direct and proximate result of Pizza Hut's violation of the CPA, Plaintiffs and Class members suffered damages, including but not limited to: damages arising from the unauthorized charges on their debit or credit cards or on cards that were fraudulently obtained through the use of the PII of Plaintiffs and Class Members; damages arising from Plaintiffs' inability to use their debit or credit cards or accounts because those cards or accounts were cancelled, suspended, or otherwise rendered unusable as a result of the Data Breach and/or false or fraudulent charges stemming from the Data Breach, including but not limited to late fees charges and foregone cash back rewards; damages from lost time and effort to mitigate the actual and potential impact of the Data Breach on their lives including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports and damages from identity theft, which may take months if not years to discover and detect, given the far-reaching, adverse and detrimental consequences of identity theft and loss of privacy. The nature of other forms of economic damage and injury may take years to detect, and the potential scope can only be assessed after a thorough investigation of the facts and events surrounding the theft mentioned above.

85.     Also as a direct result of Pizza Hut's violation of the CPA, Plaintiffs and Class members are entitled to damages as well as injunctive relief, including, but not limited to:

a.      Ordering that Pizza Hut engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Pizza Hut's systems on a periodic basis, and ordering Pizza Hut to promptly correct any problems or issues detected by such third-party security auditors;

CLASS ACTION COMPLAINT - 24

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

b.      Ordering that Pizza Hut engage third-party security auditors and internal personnel to run automated security monitoring;

c.      Ordering that Pizza Hut audit, test, and train its security personnel regarding any new or modified procedures;

d.      Ordering that Pizza Hut segment PII by, among other things, creating firewalls and access controls so that if one area of Pizza Hut is compromised, hackers cannot gain access to other portions of Pizza Hut systems;

e.      Ordering that Pizza Hut purge, delete, and destroy in a reasonable secure manner PII not necessary for its provisions of services;

f.      Ordering that Pizza Hut conduct regular database scanning and securing checks;

g.      Ordering that Pizza Hut routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h.      Ordering Pizza Hut to meaningfully educate its customers about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Pizza Hut customers must take to protect themselves.

86.     Plaintiffs bring this action on behalf of themselves and Class Members for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions and to protect Plaintiffs and Class members and the public from Pizza Hut's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Pizza Hut's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

CLASS ACTION COMPLAINT - 25

1    87.    Plaintiffs and Class members are entitled to a judgment against Pizza Hut for actual and

2    consequential damages, exemplary damages and attorneys' fees pursuant to the CPA, costs, and

3    such other further relief as the Court deems just and proper.

4

5                              **X.  REQUEST FOR RELIEF**

6        **WHEREFORE**, Plaintiffs, individually and on behalf of all Class members proposed

7    in this Complaint, respectfully request that the Court enter judgment in their favor and against

8    Pizza Hut as follows:

9           a.    For an Order certifying the Classes, as defined herein, and appointing Plaintiffs
10                and their Counsel to represent the Nationwide Class, or in the alternative the
11                separate Statewide Classes;
12
13          b.    For equitable relief enjoining Pizza Hut from engaging in the wrongful conduct
14                complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and
15                Class members' PII, and from refusing to issue prompt, complete and accurate
16                disclosures to the Plaintiffs and Class members;
17
18          c.    For equitable relief compelling Pizza Hut to use appropriate cyber security
19                methods and policies with respect to consumer data collection, storage and
20                protection and to disclose with specificity to class members the type of PII
21                compromised;
22          d.    For an award of damages, as allowed by law in an amount to be determined;
23          e.    For an award of attorneys' fees costs and litigation expenses, as allowable by law;
24          f.    For prejudgment interest on all amounts awarded;
25          g     For leave to amend these pleadings to conform to evidence produced at trial; and
26          h.    For such other and further relief as this court may deem just and proper.
27

CLASS ACTION COMPLAINT - 26

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## XI.  JURY TRIAL DEMAND

2      Plaintiffs demand a jury trial on all issues so triable.

3

4                              Respectfully submitted,

5  DATED November 7, 2017        TOUSLEY BRAIN STEPHENS PLLC

6
                               By:*s/ Kim D. Stephens*
7                                 Kim D. Stephens, WSBA #11984
                                  Email: kstephens@tousley.com
8                                 1700 Seventh Avenue, Suite 2200
                                  Seattle, Washington  98101
9                                 Telephone:  206.682.5600
                                  Fax: 206.682.2992
10
                                  William B. Federman, *pro hac vice pending*
11                                Email: wbf@federmanlaw.com
                                  FEDERMAN & SHERWOOD
12                                2926 Maple Ave., Ste. 200
                                  Dallas, TX 75201
13                                Telephone:  (214) 696-1100
                                  Facsimile:   (214) 740-0112
14
15                                -and-

16                                10205 North Pennsylvania Ave.
                                  Oklahoma City, OK 73120
17                                Telephone:  (405) 235-1560
                                  Facsimile:   (405) 239-2112
18
19                                ***Attorneys for Plaintiffs***

20
   0099/002/486630.1
21

22

23

24

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992